UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

SOPHIA CHARITY PICENO,

Plaintiff,

v.

RONALD DONOHUE, et al.,

Defendants.

Case No.  26-cv-01353-RMI

**ORDER DENYING MOTION TO APPOINT COUNSEL**

Re: Dkt. No. 16

Pending before the court is Plaintiff's Motion to Appoint Counsel. (Dkt. 16.) Plaintiff also requested the appointment of counsel in her motion to amend the complaint. (Dkt. 10.) Plaintiff's Motion states only that "Plaintiff is indigent, proceeding pro se, and [this] case involves complex issues of constitutional law, Monell liability, and municipal policy" and therefore "[a]ppointment of counsel would materially assist in the just resolution of this case." (Mot. Appointment of Counsel, Dkt. 16, at 1.)

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Federal law confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989). The court may ask counsel to represent an indigent litigant under Section 1915 only in "exceptional circumstances," the determination of which is based on (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate their claims pro se in light of the complexity of the legal issues involved. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn*

United States District Court
Northern District of California

*v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Neither the need for discovery nor the fact that the pro se litigant would be better served with the assistance of counsel necessarily mean the issues involved are complex. *See Rand*, 113 F.3d at 1525 (where the plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel). The burden to show a need for appointed counsel is on the plaintiff. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, the record does not currently show exceptional circumstances as required to appoint counsel. It is too early in the case to evaluate Plaintiff's likelihood of success on the merits. Thus far, Plaintiff has demonstrated an understanding of the issues involved in her case and has ably filed motions with the court on her own behalf. Accordingly, the court declines Plaintiff's request to appoint counsel on her behalf at this time and the Motion to Appoint Counsel is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 19, 2026

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

2