UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

SOPHIA CHARITY PICENO,

Plaintiff,

v.

RONALD DONOHUE, et al.,

Defendants.

Case No.  26-cv-01353-RMI

**ORDER ON MOTION TO STRIKE**

Re: Dkt. No. 40

Before the court is Plaintiff's Motion to Strike (dkt. 40-1), in which she requests that the court strike Defendants' filing titled Response and Request Re: Plaintiff's Complaint ("Response and Request") (dkt. 23) because the filing is procedurally improper and substantively unsupported. In particular, she asserts that the Response and Request "(1) seeks an impermissible advisory opinion from this Court; (2) was filed after Defendants' Rule 12 deadline had already passed; (3) misapplies 28 U.S.C. § 1915(e)(2) as a basis for delaying response; (4) mischaracterizes the docket; and (5) constitutes an improper attempt to retroactively justify Defendants' failure to timely respond." (Mot. To Strike, Dkt. 40-1 at 1.) On this basis, she asks the court to do the following:

1. Strike Defendants' Request for Guidance in its entirety pursuant to Federal Rule of Civil Procedure 12(f);
2. Order Defendants to file a proper responsive pleading or Rule 12 motion within a date certain, and to simultaneously file a motion under Rule 6(b)(1)(B) demonstrating excusable neglect for their untimely response; and
3. Grant such further relief as the Court deems just and proper.

(Mot. Strike 6, Dkt. 40-1.)

Plaintiff filed her initial complaint on February 13, 2026, and the court granted her in forma pauperis status; while the court awaited service and consents, Plaintiff filed a motion to amend her complaint on April 3, 2026. On May 19, 2026, Defendants filed the Response and Request seeking "guidance whether Plaintiff's Complaint will be screened by the Court pursuant

United States District Court
Northern District of California

to 28 U.S.C. § 1915(e)(2), and whether any response from Defendants is presently required." (Resp. & Req., Dkt. 23.) After Defendants entered the case, the court granted Plaintiff's request to amend (*see* Order, dkt. 24), informed Defendants that no screening order was forthcoming, and set forth the timeline for the filing of the amended complaint and its response. Considering the numerous filings Plaintiff made in this case prior to Defendants' entry, their request for guidance was not improper. Moreover, Plaintiff's assertions about the Rule 12 deadlines are incorrect— Plaintiff identifies June 8, 2026, as the deadline for Defendants to file their response to her original Complaint, but this deadline had not passed when Defendants filed their Response and Request on May 19, 2026. All deadlines related to the original Complaint were then mooted when the court granted Plaintiff's request to file her amended complaint and reset Defendants' timeline to respond. (Order, Dkt. 24, May 19, 2026.) Defendants timely filed a motion to dismiss under that Order. For the foregoing reasons, and because the court already responded to the filing in the prior Order (dkt. 24), Plaintiff's other arguments concerning the Response and Request are moot. Accordingly, the Motion to Strike is DENIED.

Furthermore, there are two housekeeping matters. First, the City has asserted that the Ukiah Police Department is "erroneously sued" and the City of Ukiah is the proper defendant. However, under existing case law in this district, a plaintiff may sue a city and its police department as separate entities, at least at the pleading stage. *See, e.g.*, *Williams v. City of Pleasanton*, No. 20-CV-08720-WHO, 2021 WL 3932012, at *3 (N.D. Cal. Sep. 2, 2021) (allowing suit against the city and police department); *Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 604–05 (9th Cir. 1986) (holding that California police departments and cities may be separately sued in federal court), *superseded by statute on other grounds*. And while claims against the department may or may not be dismissed as duplicative, that does not relieve the department from filing a responsive pleading. Accordingly, the Ukiah Police Department shall, within seven (7) days of the date of this order, file a response to the Amended Complaint. If they wish to move to dismiss on the same basis as the other Defendants, they may do so by filing their own motion and indicating that they are joining the motion on file.

Second, Plaintiff has submitted most of her filings with the words "We the People" in

large, colorful font spread diagonally across the pages. This has made the filings exceedingly difficult to read—Plaintiff is instructed that her future filings must have a plain background without this (or any) diagonal text.

**IT IS SO ORDERED.**

Dated: July 7, 2026

_____
ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

3