United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

SOPHIA CHARITY PICENO,
Plaintiff,

v.

RONALD DONOHUE, et al.,
Defendants.

Case No. 26-cv-01353-RMI

**ORDER ON MOTION TO DISMISS**

Re: Dkt. No. 34

This matter is before the court on Defendants' Motion to Dismiss, (dkt. 34), filed by the City of Ukiah ("City") and Ronald Donohue. Defendant Ukiah Police Department has joined in the Motion. (*See* Joinder, Dkt. 43.) In response, Plaintiff has filed a Declaration, (dkt. 36), a Response, (dkt. 44), a Reply, (dkt. 47)—which the court takes as a Sur-Reply since it was filed after Defendants' Reply, (dkt. 46)—and an Opposition, (dkt. 50). All parties have consented to the jurisdiction of a Magistrate Judge. (*See* Dkts. 9, 38, & 61.) For the reasons that follow, the Motion is granted.

**BACKGROUND**

Plaintiff filed this action on February 3, 2026. (*See* Compl., Dkt. 1-2.) On May 19, 2026, the court granted Plaintiff leave to amend, and on May 31, 2026, she filed a First Amended Complaint ("FAC"), (dkt. 28-1). The FAC brings thirteen causes of action, nine of which are federal claims brought pursuant to 42 U.S.C. § 1983, and four of which are brought under state law.[1] Defendants have moved for the dismissal of all of Plaintiff's claims.

[1] Plaintiff's federal causes of action are: (1) Unlawful Search and Seizure; (2) Unlawful Arrest and False Imprisonment; (3) Unlawful Seizure of Property; (4) Excessive Force; (5) First Amendment Retaliation; (6)

**ALLEGATIONS IN THE FAC**

Plaintiff is an unhoused individual who alleges that she was continuously living on a piece of property (that she refers to as the "Private Property") within the City of Ukiah for approximately four and a half years prior to February 2, 2023. (FAC ¶ 10.) The City did not own this Private Property, but at some point prior to February 2, 2023, it "executed a lease agreement with Wuhlund Construction Company, granting Wuhlund Construction Company a leasehold interest in the PRIVATE PROPERTY." (FAC ¶ 12.) At no time did the Wuhlund Construction Company initiate any formal trespass complaints against Plaintiff or request her removal. (FAC ¶ 13.)

Despite never having been served with any lawful notice or order to vacate the Private Property, Plaintiff was arrested by Defendant Donohue and other officers of the City's Police Department on or about February 2, 2023. (FAC ¶¶ 14–16.) "On that date, Defendants arrested or caused the arrest of Plaintiff on at least two (2) separate occasions for alleged trespass and at least three (3) occasions for alleged unlawful camping, for a total of at least five (5) arrests of Plaintiff's person on a single day." (FAC ¶ 16.) According to the FAC, the arrests were made without a valid arrest warrant or search warrant and lacked probable cause. (FAC ¶¶ 17–19.) Plaintiff alleges that Defendant Donohue used "excessive force" in the arrests and caused "physical injury." (FAC ¶¶ 54–55.)

On the same day, Defendants seized and towed Plaintiff's personal property from the site despite the alleged lack of a valid warrant or exigent circumstances. (FAC ¶¶ 22–24.) "Following the towing of her property, Plaintiff attempted to make a formal complaint regarding the seizure of her personal property to the appropriate authorities, including the Ukiah Police Department," but Defendants "refused to allow" her to make the complaint. (FAC ¶¶ 25–26.) "As a direct and proximate result of the unlawful arrests, searches, seizures, and Defendants' failure to provide Plaintiff with due process, Plaintiff was rendered completely unhoused following the events of

---

Violation of Equal Protection; (7) Violation of Due Process; (8) Denial of Medical Care; and (9) Municipal Liability. (FAC at 10–20.) Plaintiff's state law causes of action are: (1) Battery; (2) Negligence; (3) Intentional Infliction of Emotional Distress; and (4) Conversion. (FAC at 20–23.)

February 2, 2023." (FAC ¶ 28.)

**LEGAL STANDARDS**

The pending Motion to Dismiss challenges the sufficiency of the allegations set forth in the FAC under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(6), dismissal is proper when an operative complaint either fails to advance "a cognizable legal theory" or fails to allege "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *accord Graehling v. Vill. of Lombard*, 58 F.3d 295, 297 (7th Cir. 1995). In evaluating motions to dismiss for failure to state a claim, courts must (1) construe the operative complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether the plaintiff can prove any set of facts to support a claim that would merit relief. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, courts are not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

To survive dismissal under these standards, a complaint must contain sufficient factual allegations to establish a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). This task "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp*., 550 U.S. at 557). Plausibility is established where the well-pleaded facts permit the court to infer more than the mere *possibility* of misconduct and show that the pleader is entitled to relief. *See Iqbal*, 556 U.S. at 678–79.

**DISCUSSION**

Defendants first move to dismiss all of Plaintiff's federal claims as barred by the applicable statute of limitations. That is, Defendants assert that the applicable statute of limitations for Plaintiff's federal claims is two years, and that Plaintiff's Complaint—which was filed three years after the incident giving raise to the claims—is time barred. For her part, Plaintiff claims that she mailed her original Complaint on January 29, 2024, which was prior to the two-year statute of

limitations, and the fact that the District Court took over two years to docket the Complaint was out of her control. (Piceno Decl. ¶¶ 1–3, Dkt. 36-1.) She also contends that she was in pre-trial diversion until January 2024, which would equitably toll the statute of limitations. (Piceno Decl. ¶¶ 4–5, Dkt. 36-1.) Moreover, Plaintiff contends that her claims are not subject to a two-year statute of limitations because the harm she suffers is ongoing, as evidenced by a current criminal case against her, and that the Continuing Violations Doctrine applies. (Pl.'s Sur-Reply 2–4, Dkt. 47.)

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions . . . ." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999)). California has a two-year statute of limitations for personal injury actions. Cal. Civ. Proc. Code § 335.1; *Klein v. City of Beverly Hills*, 865 F.3d 1276, 1278 (9th Cir. 2017). "Federal law, however, governs when civil rights claims accrue," and "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Klein*, 865 F.3d at 1278 (second quoting *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004)). "In a traditional Fourth Amendment case, the plaintiff is placed on constructive notice of the illegal conduct when the search and seizure takes place." *Klein*, 865 F.3d at 1279.

Here, Plaintiff was arrested and her property was taken on or about February 2, 2023, which means that on or about February 2, 2023, was the accrual date for her claims.[2] The Complaint was not filed until three years later, one year outside the statute of limitations. Plaintiff's arguments in opposition are not sufficient to cure the untimeliness of her Complaint. As to Plaintiff's claim that she mailed the Complaint in January 2024, this is belied by her handwritten envelope which is clearly post-marked February 3, 2026. (Compl. Ex. Envelope, Dkt.

---

[2] Although Plaintiff brings nine different claims under section 1983, all of them stem directly from the arrest and property removal on February 2, 2023. For one example, her sixth cause of action alleges that Defendants violated her Fourteenth Amendment equal protection rights by selectively enforcing the trespass and camping ordinances against her because of her status as an unhoused individual. (FAC ¶¶ 62–66.) For another, her seventh cause of action for First Amendment retaliation is based on Defendants refusing to allow Plaintiff to make a formal complaint about the incident "[f]ollowing the towing of her property." (FAC ¶ 25.) As such, the date of accrual is the February 2023 incident and is the same for all nine section 1983 claims.

1-2, at 2.) As to her argument that the statute of limitations would be tolled because she was in "District Attorney Diversion" until she successfully completed the program in January 2024, it appears Plaintiff is attempting to argue that she is entitled to the tolling of the statute of limitations due to "Disability of Imprisonment" under California Civil Procedure Code § 352.1. However, that provision applies to persons disabled by imprisonment[3] and a diversion program by its nature involves the avoidance of imprisonment. The transcript Plaintiff attached to the original Complaint additionally evidences that she was not in custody in February 2023. (Compl. 38, Dkt. 1.) Tolling due to the disability of confinement is therefore not applicable to this case.

As to Plaintiff's argument that her claims are saved by the Continuing Violations Doctrine, "little remains of the continuing violations doctrine [ . . .] [e]xcept for a limited exception for hostile work environment claims—not at issue here . . . ." *Bird v. Dep't of Hum. Servs*., 935 F.3d 738, 748 (9th Cir. 2019). Plaintiff argues that her harm is ongoing because she is still deprived of her property and she has "[o]ngoing legal consequences in Case No. 26CR09958." (Pl.'s Sur-Reply 5–6.) Plaintiff's argument goes to the question of when the consequences of the harm have or have not ended[4] and not when the harm accrued. However, property takings claims are § 1983 claims, subject to the statute of limitations, and the relevant question for the statute of limitations is the date of accrual. Federal civil rights claims accrue once a plaintiff has an actionable claim, *e.g. Wallace v. Kato*, 549 U.S. 384, 388 (2007), and "[a] property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it." *Knick v. Twp. of Scott*, 588 U.S. 180, 185 (2019). Thus, takings claims generally accrue when the taking occurs, which here is the incident in February 2023. The depravations of property or harms Plaintiff claims to continue to suffer (including what the court presumes to be an ongoing criminal action) are "best understood as the 'continuing impact from [a] past violation[ ]'" rather than as new violations with later dates of accrual. *Bird*, 935 F.3d at 748 (quoting *Williams v. Owens-*

[3] Moreover, "section 352.1 may not [even] apply to pretrial detainees," much less someone in a diversion program. *Mabb v. Venture Cnty. Sheriff's Dept*., 2026 WL 2001182, at *6 (C.D. Cal. July 7, 2026), *report and recommendation adopted sub nom. Mabb v. Ventura Cnty. Sheriff's Dep't*, 2026 WL 2143890 (C.D. Cal. July 24, 2026).

[4] "The harm did not end on February 2, 2023." (Pl.'s Sur-Reply 7.)

*Illinois, Inc.*, 665 F.2d 918, 924 (9th Cir. 1982)).[5]

Thus, on the face of the FAC, all of Plaintiff's federal claims (Claims 1–9) are untimely and properly dismissed as barred by the applicable statute of limitations. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) ("A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint.").

Secondly, Defendants move to dismiss all of Plaintiff's state law claims because the FAC does not plead timely presentation of a written claim to the City as required by the California Government Claims Act. In response, Plaintiff merely denies that the Claims Act applies to her claims. (Pl.'s Sur-Reply 6.)

In California, with certain exceptions not applicable here, "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon . . . ." Cal. Gov't Code § 945.4; *see also Jefferson v. City of Fremont*, No. C-12-0926, EMC, 2013 WL 1747917, at *7 (N.D. Cal. Apr. 23, 2013). "In federal court, the failure to allege facts that either demonstrate or excuse compliance with the California Tort Claims Act will subject a state law claim to dismissal."[6] *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1152 (E.D. Cal. 2009); *accord Bess v. Foy*, No. 5:19-CV-02012-EJD, 2020 WL 2086560, at *3 (N.D. Cal. Apr. 30, 2020) ("The California Supreme Court has held that 'a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement' or the complaint will have failed to state a claim." (quoting *State of Cal. v. Superior Ct.,* 13 Cal. Rptr. 3d 534 (Cal. Ct. App. 2004)). Here, the FAC is devoid of any facts demonstrating compliance with the claims presentation requirement.

---

[5] Indeed, Plaintiff herself refers to the current criminal proceedings as "part of the same chain of events." (Pl.'s Sur-Reply 5.)

[6] "Timely claim presentation is not merely a procedural requirement, but is a condition precedent to plaintiff's maintaining an action against defendant, and thus an element of the plaintiff's cause of action." *Johnson v. Cnty. of Santa Clara*, No. 5:18-cv-06264-EJD, 2020 WL 870933, at *6 (N.D. Cal. Feb. 21, 2020) (quoting *A.M. v. Ventura Unified Sch. Dist.*, 208 Cal. Rptr. 3d 234, 238 (Cal. Ct. App. 2016), *as modified* (Oct. 19, 2016)).

However, rather than reach a decision on that basis for dismissal, the court will simply decline supplemental jurisdiction over the state law claims. Supplemental jurisdiction over state law claims applies where the state and federal claims "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) (quoting *Trs. of the Constr. Indus. & Laborers Health & Welfare v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)). A court may decline to exercise supplemental jurisdiction over any remaining state law claims after "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "The elimination of federal claims does not automatically deprive district courts of subject matter jurisdiction over any supplemental state law claims. However, [c]omity and precedent in this circuit strongly disfavors exercising supplemental jurisdiction." *De LaTorre v. CashCall, Inc.*, Case No. CV 08-3174 TSH, 2019 WL 452028, at *4 (N.D. Cal. Feb. 5, 2019). In exercising their discretion, courts consider the values of judicial economy, comity, convenience, and fairness. *See, e.g.*, *Curtis v. Inslee*, 154 F.4th 678, 696 (9th Cir. 2025). Here, where the federal claims are being dismissed at the pleading stage, the court will decline supplemental jurisdiction.

**NATURE OF DISMISSAL**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires." However, leave to amend should be denied if no amendment could cure the pleading's fatal defects. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018). "Amendment is futile when a claim is clearly time barred." *Del Toro v. 360 P'ship LP*, 2021 WL 5050057, at *1 (C.D. Cal. Nov. 1, 2021) (citing *Deutsch v. Turner Corp.*, 324 F.3d 692, 718 n.20 (9th Cir. 2003)); *accord Hinton v. Pac. Enters.*, 5 F.3d 391, 397 (9th Cir. 1993) (affirming denial of leave to amend when proposed amendments would not have cured statute-of-limitations defects); *Faulkner v. ADT Sec. Servs., Inc.*, 624 F. App'x 544, 544 (9th Cir. 2015) (finding that district court did not abuse discretion in denying leave to amend as futile because proposed amended claim was barred by statute of limitations)). This is not a case where a plaintiff narrowly missed the statute of limitations. Even liberally adding a few days or

even weeks to the date of accrual on Plaintiff's behalf to account for the "on or about" language in her pleadings, Plaintiff's Complaint would still be well out of time, and there is no plausible amendment that could save it. "Because there is no amendment that can overcome the statute of limitations bar in this matter, granting leave to amend would be futile." *Jones v. Cnty. of San Diego*, No. 23-CV-529-WQH-VET, 2025 WL 255460, at *11 (S.D. Cal. Jan. 21, 2025), *appeal dismissed sub nom. Jones v. City of San Diego*, No. 25-1117, 2025 WL 4353387 (9th Cir. May 8, 2025).

**CONCLUSION**

Accordingly, the Motion to Dismiss is GRANTED. The FAC is dismissed without leave to amend. All other pending motions are DENIED as moot. A separate judgment shall issue.

**IT IS SO ORDERED.**

Dated: August 27, 2026

ROBERT M. ILLMAN
United States Magistrate Judge