UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

SOPHIA CHARITY PICENO,
Plaintiff,

v.

RONALD DONOHUE, et al.,
Defendants.

Case No. 26-cv-01353-RMI

**ORDER DENYING MOTION FOR RULE 60 RELIEF FROM ORDER OR JUDGMENT**

Re: Dkt. No. 67

Plaintiff has filed a Motion Seeking Relief from Order or Judgment (Dkt. 67), though the Motion was docketed as a "Notice of Appeal" that appears to be in error. As a basis for relief, Plaintiff asserts that "[t]he order [of dismissal] is factually incorrect, legally unsupported, and prejudicial, because it relies on a clerical mistake made by the Defendants regarding the date of arrest, which directly affects the statute-of-limitations analysis." Pl.'s Mot. 1-2, Dkt. 67. More specifically, Plaintiff states that Defendants misrepresented her date of arrest as March 3, 2023, when her actual arrest date was February 2, 2023, and that the court relied on the March 3, 2023, date in determining that Plaintiff's Complaint was filed out of time. *See generally* Pl.'s Mot. In addition, the court improperly applied a two-year statute of limitations when "[c]laims for deprivation of property, loss of property, and unlawful seizure fall under a three-year statute of limitations in California for §1983 actions (Cal. Code Civ. Proc. § 338(a))." Pl.'s Mot. 3.

Plaintiff's Motion is brought pursuant to Rule 60(a)(Corrections based on Clerical Mistakes; Oversights and Omissions), and (b)(1), (3), and (6)(Grounds for Relief from Final Judgment, Order, or Preceding). However, Plaintiff has already filed a Notice of Appeal (Dkt. 65) that has been docketed (Dkt. 66), which means that under 60(a), any mistake could only be corrected with the

United States District Court
Northern District of California

United States District Court
Northern District of California

appellate court's leave. Fed. R. Civ. P. 60(a). Fortunately, there is no mistake to correct. That is, the Court never relied on or even mentioned a March 3, 2023 date.

As to the 60(b)(1), (3), and (6) arguments, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

> In determining the appropriate course of action in this case, the Court notes that once a notice of appeal is filed and divests the district court of jurisdiction, the district court may still consider a Rule 60(b) motion if the movant follows a certain procedure. *See Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007). That procedure is to "ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court [the Ninth Circuit], if appropriate, for remand of the case." *Id.* (internal quotation marks and citations omitted); *see also Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004); *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 930 (9th Cir. 2000) (holding that a district court order declining to entertain or grant a Rule 60(b) motion is not a final determination on the merits); *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984) (holding that the district court's denial of a request to entertain a Rule 60(b) motion is interlocutory and not appealable and that if the court is inclined to grant the motion, the movant first should request limited remand from the appellate court).
>
> Plaintiff did not invoke the above procedure in this case. However, given that [s]he is a pro se litigant, the Court shall consider this motion as if Plaintiff had made such a request for the Court to entertain the motion.

*Lenk v. Monolithic Power Sys., Inc.*, No. 16-CV-02625-BLF, 2017 WL 4025559, at *5 (N.D. Cal. Sep. 13, 2017).

Plaintiff has invoked Rule 60(b), seeking relief from the court's final order and judgment in this case based on (b)(1) mistake, (b)(3) misrepresentation, and (6) other just reasons. Her arguments for mistake, misrepresentations, and other just reasons all relate to March 3, 2023. As stated above, the Court utilized the February 2, 2023, date in its analysis and not a March 2023 date. Plaintiff also asserts that she was entitled to the mailbox rule and a three-year statute of limitations based on the California Civil Code.

First, the Court did apply the "mailbox rule." In her papers, Plaintiff claimed that she had mailed her Complaint in January of 2024, when in fact the Complaint was postmarked February of 2026. *See* Order 3-4, Dkt 62. Second, the statute of limitations in federal court for 42 U.S.C. § 1983

claims is based on the "forum state's statute of limitations for personal injury actions . . . ." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999)). It matters not what the forum state's statute of limitations for "deprivation of property, loss of property, and unlawful seizure" may be.

Accordingly, Plaintiff's request for relief from order or judgment pursuant to Rule 60 is DENIED.

**IT IS SO ORDERED.**

Dated: September 9, 2026



ROBERT M. ILLMAN
United States Magistrate Judge